Mrs. Anne Gough Program Administrator Colorado State Board of Nursing 1525 Sherman Street Denver, Colorado 80203
Dear Mrs. Gough:
This opinion letter is in response to your December 10, 1979 letter in which you inquired, on behalf of the State Board of Nursing, about nurses taking orders from physician assistants or physician extenders.
QUESTION PRESENTED AND CONCLUSION
Specifically, you have asked the following question:
May professional nurses (R.N.'s), Licensed Practical Nurses (L.P.N.'s), and other health workers accept and act upon medical orders, including prescription drug orders, given by a physician assistant or physician extender acting as agent for, and under the personal and responsible direction and supervision of, a physician licensed to practice medicine in Colorado?
 It is my opinion that neither practical nor professional nurses may lawfully administer medications and treatments or execute medical orders prescribed by a physician assistant or physician extender. In addition, unlicensed persons may not carry out medical orders of physician extenders for which a health-related license would otherwise be required.
ANALYSIS
In order to respond to your question, it is necessary to examine the statutory authority of physician extenders and the definitions of practical and professional nursing.
As you know, physician assistants or extenders function in Colorado under an exemption to the licensure requirements of the Medical Practice Act. That exemption, found at C.R.S. 1973,12-36-106(3)(l), states:
 (3) Nothing in this section shall be construed to prohibit, or to require a license under this article with respect to any of the following acts:
 (l) The rendering of services under the personal and responsible direction and supervision of a person licensed under the laws of this state to practice medicine, but nothing in this exemption shall be deemed to extend the scope of any license, and this exemption shall not apply to persons otherwise qualified to practice medicine but not licensed to so practice in this state;
An opinion from this office (copy attached) to the Colorado Board of Medical Examiners ("the physician extender opinion") has interpreted the above provision as permitting a person who is not a physician and has no license in a limited field of the healing arts to render services under the personal and responsible direction and supervision (as those terms were defined and interpreted in the opinion) of a person licensed to practice medicine in the State of Colorado. The physician extender opinion further held that where there is personal and responsible direction and supervision by a physician, a person licensed to practice in a limited field of the healing arts may render services which he or she may not be able to render under his or her own license without that direction and supervision.
The question now raised is whether an R.N. or L.P.N., licensed in a limited field of the healing arts, may accept orders from a non-physician (whether or not licensed in a limited field of the healing arts) who is acting under the personal and responsible direction and supervision of a physician, as permitted by C.R.S. 1973, 12-36-106(3)(1). Such a person will be referred to as a "physician extender" in this opinion, whether or not that person holds any license in a limited field of the healing arts.
C.R.S. 1973, 12-38-103(9) (Supp. 1980) defines the "practice of practical nursing" as follows:
 "Practice of practical nursing" means the performance, under the supervision of a dentist, physician, or professional nurse authorized to practice in this state, of those services requiring the education, training, and experience, as evidenced by knowledge, abilities, and skills required in this article for licensing as a practical nurse pursuant to section 12-38-112, in caring for the ill, injured, or infirm, in teaching and promoting preventive health measures, in acting to safeguard life and health, or in administering treatments and medications prescribed by a legally authorized dentist or physician. Nothing in this article shall limit or deny a practical nurse from supervising other practical nurses or other health care personnel.
(Emphasis supplied.)
With regard to R.N.'s, the "practice of professional nursing" is defined in the Nurse Practice Act, C.R.S. 1973, 12-38-103(10) (Supp. 1980), as follows:
 "Practice of professional nursing" means the performance of both independent nursing functions and delegated medical and dental functions, including the initiation and performance of nursing care through prevention, diagnosis, and treatment of human disease, ailment, pain, injury, deformity, or physical or mental condition which requires such specialized knowledge, judgment, and skill involving the application of principles of biological, physical, social, and behavioral sciences as are required for licensing as a professional nurse pursuant to section 12-38-111. "Practice of professional nursing" shall include the performance of such services as:
 (a) Evaluating health status through the collection and assessment of health data;
(b) Health teaching and health counseling;
 (c) Providing therapy and treatment that is supportive and restorative to life and well-being either directly to the patient or indirectly through consultation with or through the supervision and teaching of others;
 (d) Executing delegated medical functions as prescribed or authorized by a licensed or legally authorized physician or dentist;
 (e) Referring to medical or community agencies those patients who need further evaluation or treatment;
(f) Reviewing and monitoring therapy and treatment plans.
(Emphasis supplied.)
"Delegated medical function," in turn, is defined in 12-38-103(4) (Supp. 1980), as follows:
 "Delegated medical function" means an aspect of care which implements the medical plan as prescribed by a licensed or otherwise legally authorized physician or dentist.
(Emphasis supplied.)
In addition, the definition of "treating" also includes the concept of executing delegated medical functions. That definition, found in C.R.S. 1973, 12-38-103(12) (Supp. 1980), provides as follows:
 "Treating" means the selection, recommendation, execution, and monitoring of those nursing measures essential to the effective determination and management of actual or potential human health problems and to the execution of the delegated medical and dental functions. Such delegated medical and dental functions shall be performed under the responsible direction and supervision of a person licensed under the laws of this state to practice medicine or dentistry.
(Emphasis supplied.)
Thus, the language of the Nurse Practice Act is quite clear with regard to the question you have raised. It is obvious that the statute contains no explicit authorization for nurses to execute the orders of persons functioning as physician extenders under the C.R.S. 1973, 12-36-106(3)(1) exemption to the Medical Practice Act. On its face, the Nurse Practice Act does not authorize professional nurses to execute medical orders prescribed by anyone other than a "licensed or (otherwise) legally authorized physician or dentist," nor does it authorize practical nurses to administer treatments and medications prescribed by anyone other than "a legally authorized dentist or physician." Given this statutory structure, it is apparent that professional nurses may execute medical orders of physician extenders only if such individuals fit within the classification of "licensed or (otherwise) legally authorized physicians or dentists." Similarly, practical nurses may administer treatments and medications prescribed by physician extenders only if physician extenders fall within the classification of "legally authorized dentists or physicians."
A review of relevant statutes and case law clearly establishes that individuals functioning as physician extenders under the section 106(3)(1) exemption to the licensure requirements of the Medical Practice Act do not fall within the above classifications, since physician extenders are neither "licensed" nor "legally authorized" physicians or dentists. Under current Colorado law, physician extenders are exempt from all licensure. In addition, it is clear that physician extenders are not "physicians."[1] While the term "physician" is not defined in the Medical Practice Act, C.R.S. 1973, 12-36-101et seq., the Colorado Supreme Court in ColoradoChiropractic Association v. State, 171 Colo. 395, 467 P.2d 795,799 (1970), has specifically addressed that issue. In deciding a statutory question of whether one who dies under the care of a chiropractor is considered to have died "with medical attendance," the court construed medical attendance in terms of the practice of medicine and stated:
 An examination of many sections relating to the healing arts leads us to the unescapable conclusion that the term "physician" relates solely to doctors of medicine and doctors of osteopathy.
Moreover, the mere fact that physician extenders may perform medical services under an exemption to the Medical Practice Act, in no way suggests that physician extenders somehow fit within the category of "otherwise legally authorized physicians . . ." It is apparent from the terms of the section 106(3)(l) Medical Practice Act exemption that the legislature did not intend to create a class of unlicensed physicians in this state, but instead intended to permit a class of individuals to perform various health services within the specific constraints set forth in the exemption. Under the terms of the exemption physician extenders are not "legally authorized physicians" since they must function under the personal and responsible direction and supervision of a physician — a limitation on practice not imposed on physicians themselves.[2]
Therefore, it is my opinion, that under applicable statutes and case law, neither professional nor practical nurses may lawfully administer medications and treatment or execute medical orders prescribed by a physician extender.
A further question is raised as to whether individuals not licensed at all in a limited field of the healing arts may accept and carry out medical orders for which a health-related license would otherwise be required, from persons acting in the capacity of physician extenders. The answer to this question is "no." Since non-licensed individuals are not performing health-related functions pursuant to any statutory authority, in order to implement any medical order for which a health-related license would otherwise be required, such individuals themselves must fit within the licensing exemption requirements of the Medical Practice Act found in C.R.S. 1973, 12-36-106(3)(l), discussed in the October 11, 1977 opinion. That exemption applies, as emphasized in the opinion, only when directions are given "personally" by the licensee and not through others. Thus, individuals not licensed in a limited field of the healing arts may not accept and carry out medical orders for which a health-related license would otherwise be required, from an individual who himself is acting in the capacity of a physician extender pursuant to the exemption found in section 12-36-106(3)(l) of the Medical Practice Act.
SUMMARY
To briefly summarize my opinion, neither professional nor practical nurses may lawfully administer medications and treatments or execute medical orders prescribed by a physician extender. In addition, unlicensed persons may not carry out medical orders of physician extenders for which a health-related license would otherwise be required.
Very truly yours,
 J.D. MacFARLANE Attorney General
NURSES, PRACTICAL LICENSES, OCCUPATIONAL AND PROFESSIONAL MEDICAL PRACTITIONERS, LIMITED
C.R.S. 1973, 12-38-101
C.R.S. 1973, 12-36-101
C.R.S. 1973, 12-36-101(3)(1)
REGULATORY AGENCIES, DEPT. Nursing, Bd. of
Nurses may not execute the medical orders of physician extenders.
[1] Obviously, they are also not dentists. See
C.R.S. 1973, 12-35-101 et seq.
[2] In this respect, physician extenders are conceptually similar to practitioners of the various limited fields of the healing arts who also must limit their health-related services in accordance with their statutory authority and the scope of their exemptions from the Medical Practice Act. The Office of the Attorney General has previously issued several opinions interpreting prior versions of the Nurse Practice Act and other relevant statutes as prohibiting nurses from executing the medical orders of practitioners in various limited fields of the healing arts. For your information, these opinions are attached, as follows:
Opinion number 71-4610, stating that professional nurses may not administer medications and treatments prescribed by a person licensed to practice chiropody or licensed as a child health associate in the State of Colorado.
October 20, 1976 opinion letter to Edward E. Pellegrini, president, Colorado Podiatry Board, indicating that practical and professional nurses may not lawfully administer medications prescribed by a podiatrist.
April 8, 1980 opinion letter to Edward Pellegrini, president of the Colorado Podiatry Board, reiterating that under a later version of the Podiatry Act, professional and practical nurses may not lawfully administer medications or treatments prescribed by licensed podiatrists.